UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                              )
                                    )
JOHNNY HUNT                         )    CASE NO.: 10-30736(1)(7)
                                    )
            Debtor                  )

**MEMORANDUM-OPINION-ORDER**

This matter is before the Court on the Application to Proceed *In Forma Pauperis* of Debtor Johnny Hunt ("Debtor"). The Chapter 7 Trustee, Julie Brown Apperson ("Trustee") objected to the Application. The Court held a hearing on the matter and considered the filings of the parties and the comments of counsel at the hearing. The Court will **GRANT** the Application.

The Debtor filed his Application on February 16, 2010. In the Application Debtor stated he has $1,119.37 of monthly income with expenses of $1,118 per month. The only assets listed are a home valued at $37,440 with a current mortgage of $42,217, a 1997 Toyota Camry valued at $2,000 and an inoperable 1989 Ford Lariat valued at $500.

The Trustee objected to the Application because Debtor had filed a previous Chapter 7 Petition on May 20, 2009 and paid his attorney $900. That case was converted to a Chapter 13 as Debtor was not eligible for a Chapter 7 due to a prior Chapter 7 filing within 8 years. The Chapter 13 case was dismissed on December 15, 2009 after Debtor failed to appear at the meeting of creditors pursuant to 11 U.S.C. §341. Trustee contends Debtor has sufficient funds to pay the filing fee in installments because he has chosen to reaffirm the debt on his home and had previously received funds from the Federal Emergency Management Agency ("FEMA") resulting from a flood that damaged his home.

Debtor's Application and Schedules demonstrate that Debtor's income is 150% below the poverty line as required for a waiver of the fee under 28 U.S.C. §1930(f). The money received from FEMA was used to make Debtor's residence habitable after the flood. Debtor has no appreciable assets other than a home. However, he owes more on it than it is worth. Debtor's Schedules filed with the Application demonstrate that Debtor lives on a small pension and does not have the necessary income to pay the filing fee in installments. His expenses are not extraordinary and it would be a hardship for Debtor to pay the filing fee.

The Court does not see abuse by the Debtor or his counsel in his prior filings. Debtor's counsel did perform sufficient work in the Chapter 7 case and later the Chapter 13 case to justify his fee. Accordingly, the request by the Trustee for sanctions is **DENIED**.

The Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Application to Proceed *In Forma Pauperis* of Debtor Johnny Hunt, by and hereby is, **GRANTED**.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: March 22, 2010